## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY

| | |
|---|---|
| STEVEN LAMONT MARKOS,<br><br>　　　　　Plaintiff,<br>v.<br><br>TUSKEGEE UNIVERSITY,<br><br>　　　　　Defendant. | CASE NO.: _____ |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant TUSKEGEE UNIVERSITY for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos's original copyrighted Works of authorship.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

1

3. Defendant TUSKEGEE UNIVERSITY ("TU") is an independent and state-related institution of higher education with five colleges and three schools located in Tuskegee, Alabama. At all times relevant herein, TU owned and operated the internet website located at the URL http://www.tuskegee.edu/ (the "Website").

4. Markos alleges that Defendant copied his copyrighted Works from the internet in order to advertise, market and promote its business activities. TU committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Alabama.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, TU engaged in infringement in this district, TU resides in this district, and TU is subject to personal jurisdiction in this district.

## DEFENDANT

9. Tuskegee University is an Alabama Corporation, with its principal place of business at 1200 W. Montgomery Road, Tuskegee, Alabama, 36088, and

can be served by serving its Registered Agent, Patrick W. Mardis, at 1200 West Montgomery Road; 516 University Avenue, Tuskegee, Alabama 36088.

## **THE COPYRIGHTED WORKS AT ISSUE**

10. In 2014, Markos created the photographs entitled "Tuskegee-Institute-01" and "Tuskegee-Institute-30," which are shown below and referred to herein as the "Works".

**"Tuskegee-Institute-01"**



**"Tuskegee-Institute-30"**



11. Markos registered the Works with the Register of Copyrights on November 02, 2016, and was assigned registration number VA 2-022-996. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Markos published the Works on August 7, 2014, by displaying them on his business website at URL https://npplan.com/parks-by-state/alabama/tuskegee-institute-national-historic-site-park-at-a-glance/tuskegee-institute-national-historic-site-touring-the-historic-campus/ (the "NNP Website"). At the time he published the Works on the NNP Website and at all times thereafter, Markos displayed usage and licensing rights to the public through a Photo Licensing tab[1] on his website.

13. Markos's display of the Works on NNP Website also included copyright management information ("CMI") on the Work in the form of a

---

[1] https://npplan.com/home-page/photo-usage/

watermark, and next to the Work by use of Markos's name, copyright notices, and link to the licensing terms (collectively, the "Attributions").

14. Markos's Works are protected by copyright but were not otherwise confidential, proprietary, or trade secrets. The Works are entirely original, distinctive, and unique in perspective, orientation, positioning, lighting, and other details. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Markos was the owner of the copyrighted Works.

## INFRINGEMENT BY TU

16. TU has never been licensed to use the Works at issue in this action for any purpose.

17. On a date after the Works at issue in this action were created, but prior to the filing of this action, TU copied the Works.

18. On or about September 16, 2023, Markos discovered the unauthorized use of his Works on the Website at the URLs www.tuskegee.edu/Content/Uploads/Tuskegee/files/HR/5-2022%20Tuskegee_Benefit%20Guide.pdf and www.tuskegee.edu/Content/Uploads/Tuskegee/images/ODS.JA/Full%20Schedule.pdf.

19. TU copied Markos's copyrighted Works without Markos's permission or authority.

20. After TU copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its brochure for Parents Weekend and for the 2022 Employee Benefit Guide.

21. TU copied and distributed Markos's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

22. TU committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

23. Markos never gave Defendant permission or authority to copy, distribute or display the Works at issue in this case.

24. Markos notified TU of the allegations set forth herein on October 04, 2023, and October 23, 2023. To date, the parties have failed to resolve this matter.

25. When TU copied and displayed the Works at issue in this case, TU removed Markos' copyright management information from the Works.

26. Markos never gave TU permission or authority to remove copyright management information from the Works at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Markos incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Markos owns valid copyrights in the Works at issue in this case.

29. Markos registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. TU copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Markos's authorization in violation of 17 U.S.C. § 501.

31. TU performed the acts alleged in the course and scope of its business activities.

32. Defendant's acts were willful.

33. Markos has been damaged.

34. The harm caused to Markos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Markos incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The Works at issue in this case contain copyright management information ("CMI") in the form of Attributions on the NNP Website.

37. TU knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

38. TU distributed the Works to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

39. TU committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Markos's rights in the Works.

40. TU caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Markos's rights in the Works at issue in this action protected under the Copyright Act.

41. Markos has been damaged.

42. The harm caused to Markos has been irreparable.

**WHEREFORE**, the Plaintiff STEVEN LAMONT MARKOS prays for judgment against the Defendant TUSKEGEE UNIVERSITY that:

a. TU and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

      b.    TU be required to pay Markos his actual damages and Defendant's profits attributable to the infringement, or, at Markos' election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

      c.    Markos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.    Markos be awarded pre- and post-judgment interest; and

      e.    Markos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Markos hereby demands a trial by jury of all issues so triable.

Dated: August 22, 2024

Respectfully submitted,

*/s/ Mark S. Boardman*
Mark S. Boardman (ASB-8572-B65M)
**BOARDMAN, CARR, PETELOS, WATKINS, OGLE & HOWARD, P.C.**
400 Boardman Drive
Chelsea, Alabama 35043
205.678.8000 – Telephone
205.678.0000 – Facsimile

*Counsel for Plaintiff Steven LaMont Markos*

**Defendant's Address:**
Tuskegee University
c/o Patrick W. Mardis, Registered Agent
1200 West Montgomery Road
516 University Avenue
Tuskegee, Alabama 36088